**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JEFFERY PAUL COOLS,<br><br>Plaintiff<br><br>v.<br><br>KAWASAKI MOTORS CORP., U.S.A.; KAWASAKI MOTORS MANUFACTURING CORP, U.S.A.; KAWASAKI HEAVY INDUSTRIES, LTD.; and KAWASAKI MOTORS, LTD.,<br><br>Defendants | Case No.: 2:25-cv-02587-APG-BNW<br><br>**Order Granting in Part Defendants' Motions to Partially Dismiss**<br><br>[**ECF Nos. 4; 32**] |

Plaintiff Jeffery Cools alleges that his jet ski exploded and injured him when he started it. ECF No. 1-1. The jet ski was distributed by defendant Kawasaki Motors Corp., U.S.A. and manufactured by Kawasaki Motors Manufacturing Corp., U.S.A.; Kawasaki Heavy Industries, Ltd.; and Kawasaki Motors, Ltd. (collectively Kawasaki Defendants). Cools sues the Kawasaki Defendants for (1) negligence, (2) product defect/strict liability, (3) failure to inspect and warn, (4) breach of implied warranty, and (5) res ipsa loquitur. Cools requests, among other things, punitive damages.

Kawasaki Motors Corp., U.S.A. and Kawasaki Motors Manufacturing Corp., U.S.A. (collectively Kawasaki, U.S.A.) filed a motion to partially dismiss. ECF No. 4. Kawasaki Heavy Industries, Ltd. and Kawasaki Motors, Ltd. (collectively Kawasaki, Ltd.) also filed a motion to partially dismiss. ECF No. 32. All Kawasaki Defendants move to dismiss Cools' fifth claim, arguing that res ipsa loquitur is not a separate claim under Nevada law. Kawasaki, Ltd. also argues that Cools should not be permitted to use res ipsa loquitur as a method of proof because

Kawasaki, Ltd. lacked exclusive control of the jet ski when it exploded.[1] Additionally, all Kawasaki Defendants move to dismiss Cools' request for punitive damages, arguing that he has not alleged sufficient allegations of malice, fraud, or oppression.

Cools responds that res ipsa loquitur may be a separate claim when it is not redundant, immaterial, or impertinent. He also argues he should be permitted to use res ipsa loquitur as a theory of liability because it requires exclusive control at the time of the alleged negligent act (the design and manufacture of the jet ski) rather than at the time of the explosion. Additionally, Cools argues that punitive damages are proper as the Kawaski Defendants knew the jet ski was dangerously defective yet still sold and distributed it.

I dismiss Cools' res ipsa loquitur claim because res ipsa loquitur is not a standalone claim. But Cools may still invoke res ipsa loquitur as a method of proving liability. I also dismiss Cools' request for punitive damages without prejudice because he has not plausibly alleged Kawasaki acted with malice, fraud, or oppression. Cools may move to amend to request punitive damages if he has a plausible factual basis to do so.

## I. Legal standard

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe them in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).

---

[1] Kawasaki, U.S.A. also makes this argument but only in reply rather than in the motion to dismiss. *See* ECF No. 12 at 2-3. I "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). But even if I considered it, I would deny the request as to Kawasaki, U.S.A. for the same reasons as I do for Kawasaki, Ltd.

To defeat a motion to dismiss, a plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* Instead, the complaint must include "a short and plain statement of the claim" that shows the plaintiff "is entitled to relief" and gives the defendants "fair notice of what the claim is and the grounds upon which it rests." *Id.* (simplified).

## II. Res ipsa loquitur is not a standalone claim, but it is an available method of proving liability.

"Res ipsa loquitur is an exception to the general negligence rule, and it permits a party to infer negligence, as opposed to affirmatively proving it, when certain elements are met." *Woosley v. State Farm Ins. Co.*, 18 P.3d 317, 321 (Nev. 2001) (en banc). "In order for the doctrine to apply, traditionally a party must show: (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) the event must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) the event must not have been due to any voluntary action or contribution on the part of the plaintiff." *Id.* (quotation omitted). "The doctrine of res ipsa loquitur . . . is merely a rule of evidence, not a substantive rule of law." *Las Vegas Hosp. Ass'n v. Gaffney*, 180 P.2d 594, 598 (Nev. 1947) (quotation omitted).

Cools argues res ipsa loquitur may be a standalone claim when it is not redundant, immaterial, or impertinent, relying on *Ingram v. Walgreen Co.*, No. 2:10-CV-01813-ECR, 2011 WL 1661505, at *3 (D. Nev. May 3, 2011). *Ingram* is not binding on me, and to the extent *Ingram* suggests res ipsa loquitor is a standalone claim, I do not find its reasoning persuasive. Under Nevada law, res ipsa loquitur is not a standalone claim, it is a method to prove liability.

*See Allison v. Merck & Co.*, 878 P.2d 948, 952 n.5 (Nev. 1994) ("[R]es ipsa loquitur is a method of proof whereas strict liability is a theory of recovery."); *Underwood v. O'Reilly Auto Parts, Inc.*, 671 F. Supp. 3d 1180, 1194 (D. Nev. 2023) ("The weight of authority in this District has found that res ipsa loquitur is a theory of liability or a method of establishing liability for negligence and not a separate cause of action."). So I grant the Kawasaki Defendants' motions to dismiss on this point.

But this does not preclude Cools from using res ipsa loquitor as a method of proving liability. Kawasaki Ltd.'s motion goes further and requests dismissal of the theory as well. Whether the jet ski was in Kawasaki, Ltd.'s exclusive control and the applicability of res ipsa loquitur are fact-intensive questions that are inappropriate to decide at the dismissal stage. *See Am. Elevator Co. v. Briscoe*, 572 P.2d 534, 537 (Nev. 1977) ("To require a plaintiff to establish exclusive control in the defendant with respect to any possible cause of the accident before permitting the application of res ipsa loquitur would emasculate the doctrine."). Accordingly, I dismiss Cools' res ipsa loquitur claim as a standalone claim, but I do not dismiss it as a method of proving liability.

**III. Cools has failed to plausibly allege the Kawasaki Defendants acted with malice, fraud, or oppression to permit punitive damages.**

All Kawasaki Defendants argue that Cools has failed to plead sufficient factual allegations of fraud, oppression, or malice necessary to support his request for punitive damages. Cools responds that his pleading sufficiently alleges Kawasaki acted fraudulently and with conscious disregard by distributing the jet ski while knowing it was dangerously defective and concealing this information.

"Punitive damages are designed to punish and deter a defendant's culpable conduct and act as a means for the community to express outrage and distaste for such conduct." *Countrywide Homes Loans, Inc. v. Thitchener*, 192 P.3d 243, 252 (Nev. 2008) (en banc). "A plaintiff is not automatically entitled to punitive damages." *Bongiovi v. Sullivan*, 138 P.3d 433, 450 (Nev. 2006). To recover punitive damages, a plaintiff must prove "by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied . . . ." Nev. Rev. Stat. § 42.005(1). Fraud "means an intentional misrepresentation, deception or concealment of a material fact known to the person with the intent to deprive another person of his or her rights or property or to otherwise injure another person." *Id.* § 42.001(2). Malice, express or implied, "means conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights or safety of others." *Id.* § 42.001(3). Similarly, oppression "means despicable conduct that subjects a person to cruel and unjust hardship with conscious disregard of the rights of the person." *Id.* § 42.001(4). A defendant acts with conscious disregard when he has "knowledge of the probable harmful consequences of a wrongful act and . . . willful[ly] and deliberate[ly] fail[s] to act to avoid those consequences." *Id.* § 42.001(1). Conscious disregard requires a "culpable state of mind" and therefore "denotes conduct that, at a minimum, must exceed mere recklessness or gross negligence." *Thitchener*, 192 P.3d at 255.

Cools alleges that he is entitled to punitive damages because the Kawasaki Defendants "acted willfully and maliciously, and with oppression, fraud, or malice" when they "discovered, through testing and other means," that their jet ski "was unfit for its intended use and was unreasonably dangerous . . . but nevertheless with a conscious disregard for the safety of the occupants and with fraud, oppression and/or malice, willfully, wantonly and maliciously

concealed this information and failed to correct the defects, all with the intention to deceive the consumer, and end-users, including [Cools].” ECF No. 1-1 at 12. Cools also mentions the significant control the Kawaski Defendants exerted over the jet ski from initial design to its eventual distribution.[2]

These allegations are conclusory. Cools does not allege any facts that establish the Kawaski Defendants intentionally misrepresented their product. He alleges the jet ski was “warranted to be safe for reasonable and expected use,” but this is not sufficient to plausibly allege the Kawasaki Defendants are guilty of fraud. *Id*. at 11. Likewise, Cools does not elaborate on what they knew about the alleged dangerous defects, how they knew these defects were dangerous, what they did or failed to do after learning of the dangers, or anything else that could plausibly allege they acted with a “culpable state of mind.” *Thitchener*, 192 P.3d at 255. Further discovery may enable Cools to cure these deficiencies. Thus, I dismiss Cools’ request for punitive damages without prejudice. Cools may move for leave to amend if facts exist to do so.

**IV. Conclusion**

I THEREFORE ORDER that Kawasaki Motors Corp., U.S.A. and Kawasaki Motors Manufacturing Corp., U.S.A.’s motion to partially dismiss (**ECF No. 4**) **is GRANTED**.

/ / / / /

/ / / / /

/ / / / /

[2] Cools states Kawawsaki “developed, assembled, manufactured, marketed, advertised, purchased, inspected, repaired, serviced, distributed, and sold the vehicle in question knowing that it was defective and dangerous and likely to cause severe debilitating injuries to users in unforeseeable circumstances as a result of its conscious disregard of defective conditions of the vehicle that rendered it unreasonably dangerous for intended and reasonably foreseeable use.” ECF No. 1-1 at 13.

I FURTHER ORDER that Kawasaki Heavy Industries, Ltd. and Kawasaki Motors, Ltd.'s motion to partially dismiss (**ECF No. 32**) **is GRANTED IN PART**.

DATED this 29th day of September, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE